UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent,<br><br>v.<br><br>RUBELO ESTRADA,<br><br>                Defendant-Movant. | Case No. 1:13-cv-00354-BLW<br>          1:03-cr-00094-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Rubelo Estrada's ("Estrada") Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion and the underlying record, the Court enters the following Order dismissing the Motion.

## BACKGROUND

Estrada was charged in the Indictment (Crim. Dkt. 1) in this multi-defendant case with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(b)(1)(B). The Government subsequently filed an Information Pursuant to Title 21, United States Code, § 851 Regarding Increased Punishment by Reason of Prior Convictions (Crim. Dkt. 79). The

**MEMORANDUM DECISION AND ORDER - 1**

Government again charged Estrada in the Superseding Indictment (Crim. Dkt. 96) with the conspiracy count. Finally, the Government filed the Second Superseding Indictment (Crim. Dkt. 144) charging Estrada with the conspiracy count and an additional ten counts of using a telephone in commission of the conspiracy offense in violation of 21 U.S.C. § 843(b). The case proceeded to trial. Prior to submission of the case to the jury, and at the Government's request, the Court dismissed three of the telephone counts against Estrada. The jury convicted Estrada of all remaining counts. *Minutes* and *Form of Verdict* (Crim. Dkts. 269 and 270).

Overruling Estrada's sentencing objections, the Court sentenced Estrada pursuant to § 4B1.1, the Career Offender Guideline, to a term of imprisonment of 360 months to be followed by 8 years of supervised release on the conspiracy count and to terms of imprisonment of 96 months to be followed by 4 years of supervised release on each of the telephone counts, all terms to run concurrently. *Judgment* (Crim. Dkt. 322).

Estrada timely appealed the denial of his motion for a new trial and the alleged unconstitutionality of his sentence. While his appeal was pending, the United States Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), which effectively rendered the United States Sentencing Guidelines advisory. Estrada requested a remand for resentencing. The Ninth Circuit affirmed his conviction but remanded the case pursuant to *Booker* and *United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir. 2005) (en banc), for the limited purpose of determining whether the Court would have imposed a materially different sentence had the Guidelines been advisory. *United States v. Estrada*,

**MEMORANDUM DECISION AND ORDER - 2**

No. 04-30336 (9th Cir. Nov. 18, 2005) (Crim. Dkt. 361). On remand, the Court, after considering the parties' resentencing memoranda and original sentencing memoranda, declined to resentence concluding that the sentence would not have been materially different under advisory Guidelines. *Order* (Crim. Dkt. 368).

Estrada again timely appealed arguing that the Court failed to provide him with an "appropriate explanation" for denying resentencing. However, the Ninth Circuit affirmed the sentence determining that the sentence comported with the directives of *Ameline* and was reasonable. *United States v. Estrada*, No. 06-30148 (9th Cir. Jan. 10, 2007) (Crim. Dkt. 375). Estrada thereafter filed a § 2255 Motion alleging (1) that his sentence on the conspiracy charge was above the statutory maximum, (2) that his sentence should be re-examined in light of *Rita* and *Cunningham*, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of counsel on appeal. *See* Case No. 1:07-cv-00367-BLW. The Court dismissed the § 2255 Motion in its entirety. *Mem. Dec. and Order*, Dkt. 9 in Case No. 1:07-cv-00367-BLW.

On November 6, 2008, and January 12, 2011, Estrada sought leave from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion. The applications were denied on December 3, 2008, and March 18, 2011, respectively. *See Ninth Circuit Orders*, Dkts. 11 and 12 in Case No. 1:07-cv-00367-BLW.

On August 13, 2013, Estrada filed the pending § 2255 Motion seeking relief under the United States Supreme Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that increases the mandatory minimum

**MEMORANDUM DECISION AND ORDER - 3**

sentence is an element of the offense that must be submitted to a jury. He specifically moves pursuant to § 2255(f)(3) which extends the time for filing a § 2255 motion in the circumstances discussed below.

## DISCUSSION

A § 2255 motion must be filed within one year from, as relevant here, the latest of either "the date upon which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) and (3).

Estrada recognizes that his Motion is untimely under § (f)(1) and accordingly moves under § 2255(f)(3). Given that he filed his § 2255 Motion within less than a month after *Alleyene* was decided, Estrada's Motion would be timely if this were his first § 2255 motion and the Court were to find that *Alleyne* not only recognized a new rule of constitutional law but also was made retroactive to cases on collateral review. However, as noted above, he previously filed a § 2255 motion which the Court dismissed in its entirety. Therefore, Estrada must first have his pending § 2255 motion certified by the Ninth Circuit Court of Appeals to contain, as relevant here, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). Without the certification from the Ninth Circuit, this Court has no jurisdiction to consider the merits of the pending § 2255 Motion.

Ninth Circuit Rule 22-3 provides that "[if] a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. *See* 9th Cir. R. 22-3(a). Accordingly, the Court will forward Estrada's § 2255 Motion to the Ninth Circuit for its consideration.

## ORDER

**IT IS ORDERED:**

1. Rubelo Estrada's Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court shall forward a copy of (1) this Order, and (2) Rubelo Estrada's § 2255 Motion to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

3. The Clerk of Court shall close this case. If the Ninth Circuit Court of Appeals subsequently authorizes the filing of this second or successive § 2255 Motion with this Court, the case will be reopened.

DATED: October 28, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court